UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JON R. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:15-cv-00370-JAW |
| | ) |
| PAUL CUMMING, et al., | ) |
| | ) |
| Defendants. | ) |

**AMENDED[1] RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Jon Adams alleges a violation of the Eighth Amendment. More specifically, Plaintiff alleges that Defendants failed to protect Plaintiff while he was an inmate at the Maine Correctional Center, and failed to assess properly Plaintiff's grievance submissions.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. (ECF No. 4.) In accordance with 28 U.S.C. §§ 1915 and 1915A, a preliminary review of Plaintiff's complaint is appropriate. Following the review, I recommend that the Court dismiss Plaintiff's complaint without service of process.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines" that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants

---

[1] The amendment corrects a typographical error on Page 5, last paragraph, fourth sentence, by adding the word "not." The corrected sentence now reads: Verbal harassment by corrections officers does <u>not</u> constitute a constitutional deprivation.

the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) … authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff was incarcerated at the time of the filing, and seeks redress from governmental entities and officers.[2] *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s]

---

[2] A litigant's status as a prisoner or non-prisoner, for purposes of preliminary screening under § 1915A, is assessed as of the date the action is filed. *Grant v. IDOC Dir.*, No. 3:15-cv-00428, 2015 WL 2214708, at *1 (S.D. Ill. May 11, 2015) ("[B]ecause Plaintiff was incarcerated when he filed this suit, he meets the statutory definition of "prisoner," and his complaint is subject to a merits review under 28 U.S.C. § 1915A.") (footnote omitted); *Norris v. Baker*, No. 0:15-cv-00020, 2015 WL 1802843, at *1 (E.D. Ky. Apr. 17, 2015) (same); *cf. Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (reversing district court's application of 28 U.S.C. § 1997e(e) because the plaintiff filed suit after his release); *Shirley v. Franklin*, No. 2:08-cv-00741, 2008 WL 2074423, at *1 (D. Ariz. May 15, 2008) (requiring prisoner to pay complete filing fee after his release because he was a prisoner when he filed his complaint and was required under §1915(b) to pay the filing fee). Even if § 1915A did not apply, § 1915(e) provides for a preliminary screening of the complaint.

dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

### FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's Verified Complaint for Damages and Relief (ECF No. 1), which facts are deemed true when evaluating whether Plaintiff has stated a cause of action.[3] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

At all relevant times, Plaintiff was a state prisoner assigned to the Maine Correctional Center.[4] (*Id.* ¶ 1.) Plaintiff asserts that Defendants were deliberately indifferent to a violation of his right under the Eighth Amendment to be protected from harm at the hands of other prisoners. (*Id.*) According to Plaintiff, his rights were violated on August 30, 2015, in the Unit One area of the Correctional Center, when Defendant J. Newcomb, a corrections officer, summoned three prisoners from recreation and told them that Plaintiff had reported their location. (*Id.* ¶¶ 19, 21.)

---

[3] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for assessing whether Plaintiff has stated a claim.

[4] Subsequent to the filing of Plaintiff's complaint, Plaintiff notified the Court of a change of his address, which change reflects that Plaintiff is no longer incarcerated. (ECF No. 5.)

Plaintiff had informed Defendant Newcomb that the other prisoners were outside, not to create a problem for the other inmates, but to support his request to go outside. (*Id.* ¶ 17.) As a result of Defendant Newcomb's actions, two of the prisoners verbally abused Plaintiff. (*Id.* ¶ 23.)

Plaintiff told Defendant Newcomb that he had acted in an unprofessional manner and had placed Plaintiff at risk. (*Id.* ¶ 24.) Defendant Newcomb then directed Plaintiff to lock up. (*Id.* ¶ 25.) Plaintiff picked up a grievance form on his way to his cell. (*Id.* ¶ 27.) Within the next 15 minutes, Defendant Newcomb granted Plaintiff's request to go outside. (*Id.* ¶ 29.) While he waited to go outside, Plaintiff completed the grievance form. (*Id.* ¶ 28.)

After he went outside, Plaintiff approached Defendant Cumming, a sergeant. (*Id.* ¶ 32.) Defendant Cumming accepted the grievance form from Plaintiff and listened to Plaintiff's account of the incident. (*Id.* ¶ 34.) Plaintiff maintains that Defendant Cumming stated, in an aggressive tone, "What, are you looking for another damn lawsuit?" [5] (*Id.* ¶ 35.) Defendant Cumming also allegedly told Plaintiff that he had been instructed to "mind his own damn business," and advised Plaintiff that with only two weeks remaining on his sentence he should "stop snitching" or else "learn how to fight." (*Id.* ¶¶ 37, 39.) When Plaintiff got "emotional and very upset," Defendant Cumming purportedly called him a derogatory name. (*Id.* ¶ 41.) Defendant Cumming then signed Plaintiff's grievance and provided Plaintiff with a photocopy of the grievance. (*Id.* ¶¶ 42 – 43.) Defendant Cumming told Plaintiff, "You like to sue our officers, don't you?" (*Id.* ¶ 44), and said that he would "handle the situation." (*Id.* ¶ 46.)

Plaintiff later observed Defendant Newcomb "smirking" at him throughout the day. (*Id.* ¶ 47.) Plaintiff, however, alleges that no action was taken because of a "bias" in favor of the officers.

---

[5] Plaintiff has another matter pending in this court. (*Adams v. Landry*, No. 2:15-cv-00282-JAW.)

(*Id.* ¶ 48.)  Plaintiff contends that the grievance system at the Correctional Center is biased, and that grievance officers go to "great lengths to dismiss and deny" grievances.  (*Id.* ¶ 51.)

## DISCUSSION

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  As an inmate in a state prison, Plaintiff has interests that are protected by the Due Process Clause of the Fourteenth Amendment.  To state a due process claim, Plaintiff's allegations must reflect that the procedural violation he complains of resulted in an "atypical and significant hardship … in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Where the deprivation of liberty or property does not rise to that level, the mere violation of prison procedural policies by prison officials does not give rise to a constitutional violation.  *Id.*

Plaintiff has not alleged any facts that suggest that he was subjected to an atypical and significant hardship as a result of Defendant Newcomb's alleged conduct, or Defendants' alleged failure to conduct the grievance process in a fair and unbiased manner.  That is, Plaintiff's claim that as the result of Defendants' conduct he was subject to verbal harassment does not constitute an "atypical and significant hardship."  *Id*.  Plaintiff, therefore, has failed to state a due process claim.

Plaintiff's contention that Defendants violated his Eighth Amendment rights also fails.  The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. Const. amend. VIII.  At most, Plaintiff alleges verbal harassment.  Verbal harassment by corrections officers does not constitute a constitutional deprivation.  *Brown v. Deparlos*, 492 Fed. App'x 211, 215 (3d Cir. 2012) (unpublished); *Jones v. Porter*, 211 F.3d 1269 (6th Cir. 2000) (unpublished).  In addition, although the Eighth Amendment protects inmates from the deliberate indifference of prison

officials toward prison conditions that pose a substantial risk of serious harm to an inmate, *Burrell v. Hampshire Cnty.,* 307 F.3d 1, 7 (1st Cir. 2002), Plaintiff's allegation that two inmates called him derogatory names simply cannot reasonably be construed as posing a substantial risk of serious harm. In other words, Plaintiff has not alleged any facts that plausibly suggest that Defendants were indifferent to a serious risk that Plaintiff would be harmed.[6]

## CONCLUSION

Based on the foregoing analysis, following a review pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, I recommend that the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of October, 2015.

---

[6] Each of the three prisoners called in from outside provided Plaintiff with a declaration in support of his action. (Exs. B, C, D, ECF Nos. 1 – 2, 1 – 3, 1 – 4.) The fact that the prisoners voluntarily provided the declarations demonstrates that Plaintiff was not at serious risk of harm.